IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY DAFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-cv-1221-TFM |
| ) | [wo] |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.* and Supplemental Security Income benefits under Title XVI of the Social Security Act, Betty Daffin ("Daffin" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court concludes the Commissioner's decision denying disability insurance benefits and supplemental security income benefits should be reversed and remanded.

### I. NATURE OF THE CASE

Daffin requests judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm,

reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also*

*Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted).  The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

    The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted).  There is no presumption that the Secretary's conclusions of law are valid.  *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III.  STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[1]  *See* 42 U.S.C. § 423(a).  The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program.  SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[2]  Eligibility for SSI is based upon

---

[1] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[2] SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues.  *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

proof of indigence and disability.  *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3).  However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled.  *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986).  Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs.  *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a).  A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled.  20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 Fed. Appx. 456, 2015 U.S. App. LEXIS 9640, 2015 WL 3605682 (11th Cir. June 10, 2015).  The ALJ determines:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Ostborg v. Comm'r of Soc. Sec.*, 610 Fed. Appx. 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[3] ("grids") or call a vocational expert. *Id*. at 1239-40.

---

[3] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Id*. at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.  Otherwise, the ALJ may use a vocational expert. *Id.*  A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*.  In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

## IV. BACKGROUND AND PROCEEDINGS

Daffin claims disability because chronic anemia, chronic pain syndrome (knees, legs, feet, ankles, and arms), kidney removal, chronic edema of the extremities, effusion of the knee, and lobes on her lungs. (Tr. 31-32).  Following initial administrative denial of his claim, Daffin requested a hearing before an administrative law judge ("ALJ") (Tr. 83).  ALJ Katie H. Pierce ("the ALJ") convened a video evidentiary hearing on March 4, 2013. (Tr. 26-66).  Daffin was represented by an attorney.  The ALJ received direct testimony from Daffin.  The remaining evidentiary record consisted of medical reports from treating sources and residual functional capacity assessments completed by a medical consultant who reviewed Daffin's medical records upon request of Alabama Disability Determination Services.[4]  The ALJ rendered an unfavorable verdict on May 10, 2013. (Tr. 9-21).  On October 16, 2014, the Appeals Council denied Daffin's

---

[4]     Robert H. Heilpern, M.D. (Tr. 304-311).  "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves."  20 C.F.R. § 404.1616(a)(2005).

request for review (Tr. 1-8).  This Social Security Appeal was filed on December 15, 2014.  *See* Doc. 1, Complaint.

## V.  ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Daffin has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2)[5]; the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and Daffin cannot perform her past relevant work (Step 4).  (Tr. 14-19).  As such, Daffin met her prima facie case for disability and the burden shifted to the Commissioner to show there are a significant number of jobs in the national economy which she can perform.

At Step Four, the ALJ found Daffin had the RFC to perform a reduced range of light work.  (Tr. 15).  Specifically, after evaluating the entire record, the ALJ determined Daffin would be able to sit or stand 6 hours of an 8 hour day, but that she would only be able to maintain that position for a prolonged period of approximately 2 - 2.5 hours.  (Tr. 15-16)  Further, the ALJ indicated Daffin would need the opportunity to prop her leg at the waist level during a break and regular lunch hour.  (Tr. 16).  Further, the ALJ noted Daffin could lift/carry 10 pounds frequently and 20 pounds occasionally; occasionally push/pull leg controls; frequently push and pull arm controls; occasionally perform overhead work or reaching overhead, occasionally stoop, kneel, crouch, crawl, balance, and climb ramps and stairs; and is precluded from climbing ropes, ladders, and scaffolds, working at unprotected heights, hazardous machinery and automatic equipment, with no limitations involving handling, fingering, or feeling. (Tr. 16).

---

[5]     The ALJ found the following "severe" impairments: osteoarthritis, edema, left knee osteochondral defect, anemia, and degenerative changes in the lumbar spine. (Tr. 14).

As a result of these limitations, the ALJ determined Daffin could not perform past relevant work. (Tr. 19). Therefore, the ALJ moved to Step Five to determine whether Daffin could perform other jobs in the national economy and determined there are jobs that exist in significant numbers in the national economy that Batts could perform. (Tr. 20). The ALJ utilized the Medical-Vocational Rules and Vocational Expert testimony regarding jobs in existing in the national economy which Daffin could perform. The VE provided several examples of jobs which Daffin could perform such as electrical accessory assembly, garment folder, and silverware wrapper. (Tr. 20). Consequently, the ALJ found Daffin has not been disabled since the alleged onset date. (Tr. 20).

## VI. Issues

Daffin identifies four issues on appeal:

(1) The ALJ erroneously found many of Ms. Daffin's impairments were not "severe."

(2) The ALJ erroneously rejected the opinion of a Treating Primary Care Physician, and the opinion deserved at least "deferential" or "great" if not controlling weight.

(3) The ALJ erroneously relied on two Non-Treating Medical Source Opinions.

(4) The ALJ erred in her finding concerning Ms. Daffin's credibility.

Pl. Br. at p. 1.

The Commissioner re-characterizes the issue as essentially whether substantial evidence supports the ALJ's decision. Regardless of the wording, the Commissioner does address the issues raised by Plaintiff in the brief.

### VII. DISCUSSION AND ANALYSIS

Daffin alleges the ALJ erred when she did not find her other impairments to be severe. Specifically, Daffin includes her left kidney removal, ongoing constitutional symptoms (including fatigue and malaise), chronic pain syndrome, and lung lesions. *See* Doc. 12 at p. 5. A severe impairment is one that significantly limits the claimant's ability to do basic work activities. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The Commission responds that by finding at Step 2 that Daffin has severe impairments, nothing further is required by the ALJ. *See* Doc. 13 at p. 5. Specifically, the Commissioner's brief argues "by finding in Plaintiff's favor at step two and proceed[ing] to the next step of the sequential evaluation process, the ALJ did all [she] was required to do at step two." Any failure to make severe findings as to other ailments is harmless because a finding is all step 2 requires. *See Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823, 824-25 (11th Cir. 2010).

However, what the Commissioner fails to address is the *Heatly* holding also continues to note the ALJ must make specific and well-articulated findings in step 3 as to the effect of the combination of impairments. *Id*. at 825. Thus, the Court will also look to whether the ALJ erred in Step 3 in her consideration of Daffin's impairments or combination of impairments.

"The ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id*. (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1991) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments."). Here, as Daffin notes, the ALJ spent a great deal of time in her determination on whether or not a condition was severe. At the conclusion of Step 2, she states "[a]lthough these conditions are medically determinable impairments, the medical evidence of the record does not show that singly, or in combination,

they significantly limit the claimant's ability to function.  Accordingly, the undersigned finds that these conditions are nonsevere." (Tr. 15).  When the ALJ moves to Step 3, she perfunctorily states "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. 15).  There is no discussion on considering the combined effects of severe and non-severe impairments.  Unlike the *Heatly* case, it is not clear that the ALJ did consider ALL impairments in combination.  It is clear the ALJ considered the severe impairments and it is clear she considered the combined non-severe impairments when she determined they were non-severe.  But, there is no discussion on considering them all together at the Step 3 termination.  The ALJ simply moves on to Step 4 and making a RFC determination.  In Step 4, the ALJ states she has "considered all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence."  It is possible the ALJ did properly consider the combined effect of severe and non-severe impairments.  However, the Court cannot peer into the void between Step 2 and Step 4 to assume the ALJ considered all severe and non-severe impairments in combination at Step 3.  The ALJ is required to articulate this consideration and discuss with enough specificity such that reviewing authorities are certain this requirement was done.  The Commissioner argues Plaintiff merely speculates that her other impairments might have affected her functioning, but does not cite medical evidence indicating other impairments would have imposed additional functional limitations.  However, that is not the point.  The point is that the ALJ failed to specifically address the issue.  This error merits remand.

## VIII.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes the ALJ erred in failing to specifically address the combination of severe and non-

severe in combination when she made her determination in Step 3.  Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.  A separate order will be entered.

    DONE this 21st of December, 2015.

                                           /s/ Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES MAGISTRATE JUDGE